UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENYERT DELFIN-RICARDO,<br><br>  Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>  Respondents. | Case No.: 26-cv-136-RSH-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On January 8, 2026, petitioner Enyert Delfin-Ricardo, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On January 13, 2026, the Court provisionally appointed Federal Defenders of San Diego, Inc. ("FDSDI") to represent Petitioner. ECF No. 2. On January 26, 2026, with both Petitioner and FDSDI having accepted the representation, Petitioner filed his Amended Petition. ECF No. 6.

The Court thereafter issued a briefing schedule on the merits. ECF No. 7. On February 6, 2026, Respondents filed a return. ECF No. 8.

As set forth below, the Court grants the Amended Petition.

//

//

## I. BACKGROUND

Petitioner's declaration states as follows. Petitioner, a citizen of Cuba, first came to the United States on August 13, 2021. ECF No. 6-1 ¶ 1. He was taken into custody, interviewed for purposes of determining whether he was seeking asylum, and released on August 15, 2021. *Id.* ¶ 1. He thereafter filed an application for asylum, which remains pending. *Id.* ¶ 2. On October 7, 2025, in connection with a check-in appointment with U.S. Immigration and Customs Enforcement ("ICE") in Houston, Texas, Petitioner was rearrested. *Id.* ¶ 4. Petitioner "was told that the president did not want [him] in the country," but did not receive any other explanation of the reason for his rearrest or detention. *Id.* ¶ 5.

Petitioner states that his release on August 13, 2021 was pursuant to a grant of humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A). *See* ECF No. 6 at 2, 4; *see also* ECF No. 1-3 (order of release). Petitioner claims that Respondents' revocation of that parole, and Petitioner's resulting detention, violate applicable federal regulations, the Administrative Procedure Act, and Petitioner's right to due process. ECF No. 6 at 2-10. Petitioner seeks his immediate release on the terms of supervision previously imposed. *Id.* at 11. Respondents have not disputed any of the foregoing. *See* ECF No. 8.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

Petitioner contends that the revocation of his humanitarian parole violated applicable federal regulations. The statutory provision relating to humanitarian parole states as follows:

> The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion

parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C. § 1182(d)(5)(A). With respect to termination of that parole, federal regulations provide as follows:

(e) Termination of parole—

(1) Automatic. Parole shall be automatically terminated without written notice (i) upon the departure from the United States of the alien, or, (ii) if not departed, at the expiration of the time for which parole was authorized, and in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that no written notice shall be required.

(2)(i) On notice. In cases not covered by paragraph (e)(1) of this section, *upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice* to the alien and he or she shall be restored to the status that he or she had at the time of parole. When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified. Any further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed. If the exclusion, deportation, or removal order cannot be executed within a reasonable time, the alien shall again be released on parole unless in the opinion of the official listed in paragraph (a) of this section the public interest requires that the alien be continued in custody.

8 C.F.R. § 212.5(e) (emphasis added).

Petitioner asserts that here, there is no evidence of a determination that the purpose of humanitarian parole had been accomplished, or that neither humanitarian reasons nor public benefit warrant Petitioner's continued presence in the United States. ECF No. 6 at 3-4. Petitioner further asserts that he was not given adequate notice of the termination. *Id.* at 4-5. Respondents have not disputed these assertions, or otherwise claimed that DHS complied with 8 C.F.R. § 212.5(e) in Petitioner's case.

Government agencies are required to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 852 (9th Cir. 2003). Courts have determined, in cases where DHS fails to follow its own regulations in revoking humanitarian parole, that the resulting detention is unlawful and the petitioner's release should be ordered. *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1145-46 (D. Or. 2025); *Noori v. LaRose*, --- F. Supp. 3d ---, 2025 WL 2800149, at *13 (S.D. Cal. Oct. 1, 2025); *Salazar v. Casey*, No. 25-CV-2784 JLS (VET), 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025). This Court reaches the same result.

### IV.  CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are ordered to release petitioner Enyert Delfin-Ricardo from custody ***within one (1) day of the date of this order***, on the same conditions previously imposed or on such other conditions as may be warranted for release on recognizance. The hearing date set for February 19, 2026 is **VACATED**.

**IT IS SO ORDERED**.

Dated: February 9, 2026

_____
Hon. Robert S. Huie
United States District Judge